U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

AUG 10 2015

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAMYTRIC MCHENRY | DOCKET NO. 15-cv-1738; SEC. P |
| VERSUS | JUDGE DRELL |
| OFFICER HOWARD, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Damytric McHenry, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 20, 2015. [Doc. #1] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains that he was subjected to excessive force by Sort Team Officer Howard. He names as defendants Howard, Warden Tim Keith, and Secretary James LeBlanc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on April 27, 2014, he was being escorted to Cypress Unit by Sort Team Officer Howard when Howard was instructed to take Plaintiff to the medical department. Howard spun Plaintiff around quickly and began to pull Plaintiff along. Plaintiff asked Howard to slow down several times. Howard then slammed Plaintiff against a gate and pushed Plaintiff's head into the gate. Plaintiff claims that Howard threw him down on the

ground, kneed Plaintiff in the back, and punched him in the head and chest repeatedly. Howard continued to hit Plaintiff in the head and kicked him, lifted Plaintiff off of the ground by his legs and slammed him onto the ground. He pulled Plaintiff's pants off and took Plaintiff's shoes. [Doc. #1, p.3-4] After being treated in the medical department, Plaintiff was slammed to the floor by two additional officers.

### *Law and Analysis*

First, any claims against James LeBlanc in his official capacity are barred by sovereign immunity. A suit against a state official or employee in his or her official capacity is actually a suit against the state itself. See Hafer v. Melo, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. See Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. §13:5106(A). Likewise, Plaintiff does not state a claim against James LeBlanc in his individual capacity, as he presents no allegations involving LeBlanc with regard to the alleged deprivation. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more

2

than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002)(citation omitted). "Personal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983). In this case, Plaintiff has made no factual allegations whatsoever of the personal involvement of James LeBlanc.

Plaintiff also names Warden Keith as a defendant. Liability under section 1983 cannot be established solely on a theory of respondeat superior[1]. See <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C.1983; <u>Robertson v. Sichel</u>, 127 U.S. 507, 515-516 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). There are no allegations of involvement by Tim Keith.

---

[1] The doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency. Black's Law Dictionary (9th ed.2009)

*Conclusion*

In summary, Plaintiff's complaint fails to state a claim for which relief can be granted against James LeBlanc and Tim Keith. **IT IS RECOMMENDED** that Plaintiff's claim against all defendants **except "Sort Team Officer Howard"** be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A. *A separate order will issue with regard to service of process on Defendant Howard.*

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 10th day of August, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE